IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES | PLAINTIFF/RESPONDENT |
| V.   No. 11-50115<br>     No. 13-05051 | |
| PARKER KENT | DEFENDANT/PETITIONER |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *(ECF No.* 75) filed March 12, 2013, under 28 U.S.C. §2255. The Government filed its Response, *(ECF No.* 80) on April 23, 2013, and the Petitioner filed his Reply, *(ECF No.* 82) on May 13, 2013.

### I.  Background

On December 13, 2011, Parker Kent ("Kent") was indicted on Counts I and II of a five count Indictment in the Western District of Arkansas charging him under Count I with Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §846, and under Count II for distributing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §846.  On February 8, 2012, Kent appeared with counsel, Timothy Snively, and pled guilty to Count I of the Indictment. (Doc. 35). In the plea agreement, the United States agreed to dismiss Count II. (Doc. 36, ¶ 1).

A Presentence Investigation Report (PSR) was prepared on April 25, 2012. The PSR set forth a base offense level of 34 on account of the drug quantities involved. (PSR, ¶ 33. However, the probation officer determined that Barker was a career offender under U.S.S.G. §

-1-

4B1.1 based on Kent's prior convictions consisting of a crime of violence and a felony controlled substance offense. (PSR, ¶ 38). Additionally, Kent received a 3-point reduction for acceptance of responsibility (PSR, ¶¶ 39, 40) resulting in a Total Offense Level of 31 (PSR, ¶ 41). Kent had 15 criminal history points which established his criminal history category as VI. (PSR, ¶ 58). Additionally, Kent was determined to be a career offender and, as a result, his criminal history category was also required to be set at category VI. (PSR, ¶ 59). The resulting advisory guideline range for imprisonment was 188 - 235 months. (PSR, ¶ 87).

Kent appeared with counsel, Timothy Snively, for sentencing on September 18, 2012. (Doc. 46). The Court then proceeded to sentence Kent to 188 months imprisonment, 5 years supervised release, a $15,000 fine, and a $100 special assessment. (Doc. 59).

On March 12, 2013, Kent filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the § 2255 Motion) alleging his counsel performed deficiently by failing to file a notice of appeal and for failing to object to prior convictions being counted under U.S.S.G. § 4A1.2

## II. Discussion

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v.*

*Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not

exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

A.  **Failure to File Appeal**

The Defendant contends his attorney failed to appeal his sentence after being instructed to do so. The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so would constitute 'such an extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel cognizable under Section 2255. *Williams v. U.S.* 402 F.2d 548, 552 (C.A.Mo. 1968).

In this case the Plaintiff has stated in his affidavit that "on or around September 24, 2012, I sent via United States Mail a letter to my attorney of record Tim Snively, and requested that he file a notice of appeal so as to address the question of sentencing issues I felt was incorrectly calculate in my PSR." (ECF 75-1).  Mr. Snively has submitted an affidavit which states "From a review of my file, and my recollection of the case, Mr. Kent never asked me to file a Notice of Appeal on his behalf, and never asked me to appeal his conviction or sentence". (ECF No. 80-1).

The proof does not establish that the Defendant's desire for an appeal was ever expressly conveyed to his attorney.

The Supreme Court rejected the bright line rule that required counsel to file an appeal unless the defendant specifically instructs otherwise. See *Roe v. Flores-Ortega*, 528 U.S. 470, 478, (2000). The court stated that "[I]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See Roe v. Flores-Ortega*, 528 U.S. 470, (2000).

The Defendant only contends that he was sentenced inappropriately because the PSR report assessed 3 points for a conviction that occurred more than 15 years prior to the Defendant's current sentence. The issue of the alleged ineffective assistance of counsel is therefore tied directly to whether the Defendant's criminal history score was properly calculated and is discussed below.

**B. Sentence Imposed.**

The Defendant contends that he was convicted in case and sentenced in 1991 on a felony charge to 20 years imprisonment and was paroled from ADC in 1995. He contends that he was

convicted of a different offense in 1998 and sentenced to 204 months but that he was never "revoked" on his 1991 sentence. (ECF No. 75, p. 4).

Section 4A1.2(e)(1) states that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." Also, counted under Section 4A1.2(e)(1) are prior sentences resulting "in the defendant being incarcerated during any part of such fifteen-year period." Further, Section 4A1.2(k)(2) instructs that in situations where a defendant's parole was revoked, the date of last release from incarceration is used in determining the applicable time period.

The Defendant was convicted in 1992 of Robbery and sentenced to 20 years in the Arkansas Department of Corrections in case number 91-1086 out of Washington County, Arkansas. According to the PSR report the Defendant was initially paroled in 1995 on this charge and was revoked on June 15, 1998, October 20, 1998, April 19, 2004, June 15, 2005, October 15, 2007, and on October 24, 2011.

The court requested records from ADC to verify the Petitioner's revocations. These records do show that the Petitioner was paroled initially 12/15/1995 and his parole was revoked March 25, 1998, and October 23, 1998. (Exhibit A). The subsequent parole revocations of the Defendant's Robbery conviction meant that the conviction was properly considered in assessing the Defendant's criminal history. Any effort by the Defendant's attorney to have the robbery case (91-1086) excluded from consideration in the sentencing calculation would have been without merit. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

**C. Motion to Reduce Sentence:**

The Defendant has also file a Motion to Reduce Sentence (ECF No. 89). His argument seems to be that he was not given proper credit for his jail time. (Id., p. 3). He asserts his claim under Rule 36 and believes that his sentence should be reduced to 175 months. (Id., p. 4).

Rule 36 of the Federal Rules of Criminal Procedure provides that:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment order, or other part of the record, or correct an error in the record arising from oversight or omission.

Claims concerning administering or calculating sentences are properly brought in a petition pursuant to 28 U.S.C. § 2241 as such claims challenge the execution of a defendant's federal sentence and not its validity or legality. A district court does not determine the appropriate credit for time spent in official detention when sentencing criminal defendants. *Wilson*, 503 U.S. at 333. This responsibility lies with the Attorney General, who has delegated the authority to the BOP.

Administrative exhaustion is required prior to challenging the computation of a sentence and the application of jail time credit. *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991); *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir.1992) (prisoner must exhaust administrative remedies before seeking judicial review of Attorney General's sentence computation); *see also Wilson*, 503 U.S. at 335. Defendant should contact the BOP regarding his issues. Only after defendant has properly exhausted his available administrative remedies and still remains unsatisfied, he can then seek review of the BOP's decision by filing a petition under § 2241 in the appropriate district court. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir.2009).

Rule 36 does not apply to the Defendant's allegation and even if the court were to consider the claim as being made under 2241 it is without merit because it is filed in the wrong jurisdiction and the Defendant has not shown that he has exhausted his administrative remedies.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 (ECF No. 75) be **DENIED and DISMISSED with PREJUDICE**.

I further recommend that the Motion to Reduce Sentence (ECF No. 89) be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated November 21, 2013

*/s/ J. Marschewski*
HON.  JAMES R. MARSCHEWSKI
U. S. MAGISTRATE  JUDGE