IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v                                              CASE NO. 11-50115-002

PARKER KENT                                                                            DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se **Motion for "Nunc Pro Tunc Designation or Concurrent Sentencing on Federal Sentence" (Doc. 140)**. For the reasons stated below, the undersigned recommends that the motion be **DENIED**.

On September 18, 2012, Defendant was sentenced in this district to 188 months imprisonment after pleading guilty to conspiring to distribute methamphetamine. (Docs. 46, 59.) On January 9, 2015, Defendant received a sentence reduction pursuant to 18 U.S.C. § 3582(c), reducing his sentencing to 151 months. (doc. 127.) At the time of his sentencing in 2012, Defendant was serving a state parole revocation sentence. The judgment entered in this case was silent as to whether Defendant's federal sentence was to run concurrently or consecutively to his state parole revocation sentence. (Doc. 59.) Thus, Defendant's federal sentence is being run consecutively to his state parole revocation sentence. See 18 U.S.C. § 3584(a) ( multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently). In the motion now before the Court, Defendant asks the Court to "revisit the issue and help [him] correct this error." (Doc. 140 a pg. 2.)

Rule 36 of the Federal Rules of Criminal Procedure states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the

record arising from oversight or omission." The undersigned has reviewed the transcript of Defendant's sentencing hearing (Doc. 128) and the Court made no mention of whether Defendant's federal sentence was to run concurrently or consecutively to his state parole revocation sentence. The failure to address how the sentences were to run "was not an error, clerical or otherwise," and provides no grounds for relief under Rule 36. See United States v. Turner, 2007 WL 2915652 (8th Cir. Oct. 5, 2007). The undersigned notes that Application Note 4(C) to U.S.S.G. 5G1.3(d) recommends that a federal sentence be imposed consecutively to a state parole revocation sentence. Thus, it appears that Defendant's federal sentence and state parole revocation sentence are being properly served as consecutive sentences.

Accordingly, the undersigned recommends **DENYING** Defendant's Motion (Doc. 140). **The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 23rd day of February, 2016.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE