IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

V.     CASE NO. 5:11-CR-50115-002

PARKER KENT     DEFENDANT

## ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 141) filed in this case on February 23, 2016, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Defendant Parker Kent's *pro se* Motion for "Nunc Pro Tunc Designation or Concurrent Sentencing on Federal Sentence" (Doc. 140). In light of Mr. Kent's Objections to the R&R (Doc. 142), which he filed on March 10, 2016, the Court has conducted a *de novo* review of the record in accordance with 28 U.S.C. § 636(b)(1)(C).

In the Objections, Mr. Kent does not directly address any of the Magistrate Judge's reasoning as to why his Motion should be denied. Instead, he asks this Court to examine the Motion with fresh eyes and "clarify [the sentencing judge's] intentions to run his term of imprisonment concurrently or consecutively with his parole revocation, or to at least grant him a nuc pro tunc releif [sic] . . . for time spent in official U.S. marshall [sic] custody." (Doc. 142, p. 1).

Mr. Kent was originally sentenced in this Court on September 18, 2012, to one count of conspiracy to distribute methamphetamine. (Doc. 59). He received 188 months imprisonment, five years supervised release, a $100.00 special assessment, and a fine of

$15,000.00.¹ *Id.* The Judgment was silent as to whether the federal sentence would run concurrently or consecutively to any previously-imposed state sentence. Mr. Kent now contends that this silence in the Judgment was an oversight, and that the sentencing judge, the Honorable Jimm Larry Hendren, intended to run Mr. Kent's state court sentence for parole revocation concurrently with his federal sentence. Mr. Kent claims he is owed credit against his federal sentence for the time he spent in custody serving his state sentence.

The Presentence Report explains that Mr. Kent was convicted in 2007 on state charges of theft by receiving and possession with intent to deliver methamphetamine. (Doc. 47, p. 11). He completed his term of imprisonment on the 2007 conviction and was paroled on November 24, 2010. *Id.* Less than a year later, he began the offense conduct that led to the federal methamphetamine charge to which he pleaded guilty in this Court. That offense conduct began on July 7, 2011, and ended on September 9, 2011. *Id.* at p. 3. On October 24, 2011, his state parole was revoked, and he entered state custody. *Id.* at p. 11. On December 21, 2011, he was transferred from state to federal custody on a writ,² and he remained in federal custody until his federal sentence was imposed on September 19, 2012. He was then transferred back to state custody on October 3, 2012, and remained there until December 6, 2012, completing his state sentence for the parole revocation. *See Kent v. Warden Nash and Bureau of Prisons*, Case No. 1:15-CV-00365 (W.D. Tex. Oct. 9, 2015) (Doc. 10, p. 2). Upon release from state custody, he was

---

¹ Since then, his sentence has been reduced pursuant to 18 U.S.C. § 3582(c)(2) to a term of imprisonment of 151 months, due to the application of a retroactive amendment to the United States Sentencing Guidelines. *See* Doc. 124.

² Mr. Kent claims in his Motion that he entered federal custody on December 15, 2011, but the Court's docket and arrest report note otherwise.

2

transferred to the Bureau of Prisons to begin serving his federal sentence. *Id.* The time he spent in federal custody awaiting sentencing was, in fact, credited to his state revocation sentence. *Id.* at p. 4.

Mr. Kent argues that the time he spent in custody from December 21, 2011, to December 6, 2012, should be credited toward his federal sentence. The Magistrate Judge reviewed the record and explained in her R&R that she could find no indication in the documents or in the sentencing hearing transcript that Judge Hendren intended Mr. Kent's federal sentence to run concurrently with his state revocation sentence. Furthermore, although Mr. Kent claims "he was under the impression that he would be given credit for time served in custody and that this [state] parole [revocation] violation would fall under relevant conduct," (Doc. 140, p. 2), the Court has reviewed the record *de novo* and disagrees. *See United States v. Jones*, 628 F.3d 1044 (8th Cir. 2011) (finding that simply because the offense conduct supporting a federal conviction also served as the basis for revoking a defendant's state parole "does not make the state conviction 'relevant conduct' to the federal conviction . . . .").

Since the Judgment is silent as to how the state revocation sentence should be treated, the Court surmises it was Judge Hendren's intention to run Mr. Kent's federal sentence consecutively to his state sentence. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Moreover, as the Magistrate Judge correctly observed, the Sentencing Commission recommends in Application Note 4(C) to U.S.S.G. § 5G1.3(d) that when a defendant "was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release

revoked . . . the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." Since the two sentences were intended to run consecutively, no further crediting for time served is available to Mr. Kent. His state sentence was already credited for the time he spent in both federal and state custody from December 15, 2011, to December 6, 2012, and he is prohibited from receiving credit toward his federal sentence for this same period of time. *See United States v. Kramer*, 12 F.3d 130 (8th Cir. 1994) (holding that, pursuant to 18 U.S.C. § 3585(b), a federal prisoner is not entitled to credit on his federal sentence for time already credited to his state sentence).

In light of the above reasoning, Mr. Kent's Objections to the R&R are overruled, the R&R (Doc. 144) is **ADOPTED IN ITS ENTIRETY**, and the Motion for Reduction (Doc. 140) is **DENIED**.

**IT IS SO ORDERED** on this 22nd day of July, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4