IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v                                          CASE NO. 11-50115-002

PARKER KENT                                                           DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se **Motion for "Credit for Time Held In U.S. Marshall's Custody" (Doc. 144).** For the reasons stated below, the undersigned recommends that the motion be **DENIED**.

On September 18, 2012, Defendant was sentenced in this district to 188 months imprisonment after pleading guilty to conspiring to distribute methamphetamine. (Docs. 46, 59.) On January 9, 2015, Defendant received a sentence reduction pursuant to 18 U.S.C. § 3582(c), reducing his sentence to 151 months. (Doc. 127.) As set out in a previous order entered by the Court, Defendant was serving a state parole revocation sentence when he was transferred to federal custody on December 21, 2011, to face the charges in this Court. After he was convicted and sentenced by this Court, he was transferred back to state custody on October 3, 2012. (Doc. 143 at pg. 2.) In the motion now before the Court, Defendant requests credit towards his federal sentence for the above time period.

A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing

a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Central District of California), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.  See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004);  United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).[1]

Accordingly,  the undersigned recommends **DENYING** Defendant's Motion (Doc. 144) without prejudice.  **The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 11th day of September, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

---

[1] In an order entered on July 22, 2016, this Court denied a previous motion filed by the Defendant seeking to have his state parole revocation sentence and his federal sentence designated as concurrent.  (Doc. 143.)   As stated in that order, the Court does not believe that the Defendant will receive credit towards his federal sentence because his state sentence was already credited for the time period spent in both federal and state custody and he is prohibited from receiving credit towards his federal sentence for this same period of time.  See United States v. Kramer, 12 F.3d 130 (8th Cir. 1994).  (Doc. 143 at pg. 4.)