IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              CASE NO. 5:11-CR-50115-2

PARKER KENT                                                DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Parker Kent's *pro se* Motion for Reduction of Sentence (Doc. 150), in which Mr. Kent seeks compassionate release. For the reasons given below, Mr. Kent's Motion is **DENIED**.[1]

On October 8, 2019, Mr. Kent submitted an Administrative Remedy Request to the warden at the facility where he is incarcerated seeking compassionate release. After thirty days passed without a response, Mr. Kent was entitled to bring his Motion before this Court pursuant to the First Step Act of 2018 ("FSA"), which permits an inmate to seek a sentence reduction directly from the sentencing court after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. §3582(c)(1)(A). Pursuant to the FSA, the Court may grant the Defendant's direct motion for reduction of sentence "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

---

[1] To the extent that Mr. Kent also seeks a reduction of sentence for time served pursuant to U.S.S.G. § 5G1.3, this Court has already considered and denied such a motion twice, *see* Docs. 143 & 147, and it is once again **DENIED**.

1

The Sentencing Commission's policy statement provides four categories of "extraordinary and compelling reasons" that warrant a reduction in sentence. A defendant with a serious medical condition or who is elderly and experiencing age-related deterioration may be released. U.S.S.G. § 1B1.13 cmts. 1(A) & (B). Family circumstances may also warrant compassionate release in the event of "the death or incapacitation of the caregiver of the defendant's minor child or minor children [or the] incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. 1(C).

Finally, the Commission permits compassionate release for "other reasons—[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. 1(D). This language predates the amendments to the FSA described above. Previously, incarcerated defendants were dependent on the BOP to bring a motion for compassionate release on their behalf, and the Court was permitted to defer to the BOP's assessment that an unenumerated factor should be considered "extraordinary and compelling." Now that a defendant can bring such a motion directly to the court on his own behalf, courts are divided as to whether the court now also has the discretion to characterize something other than medical condition, age, or family circumstance to be "extraordinary and compelling." *See United States v. Brown*, 2019 WL 4942051, at *2–3 (S.D. Iowa, Oct. 8, 2019). Some courts view the Commission's inaction to mean "that the district court can consider anything—or at least anything the BOP could have considered—when assessing a defendant's motion." *Brown*, 2019 WL 4942051, at *2. Others "conclude judges may not stray beyond the specific instances listed in 1B1.13 cmt. 1(A)–(C)." *Id.*

2

The Eighth Circuit has not yet addressed how, if at all, the Court's expanded role in sentence reductions pursuant to the FSA are constrained by the Sentencing Commission's policy statement. Here, however, it is not necessary for this Court to offer its own interpretation. Even if the Court read the FSA to permit it to find other extraordinary or compelling reasons for sentence reduction, the Court does not believe that such reasons are present here.

Mr. Kent suggests two reasons he merits a sentence reduction. First, he offers the Court extensive evidence of his efforts and achievements in pursuing an education and future career opportunities while incarcerated. While the Court commends Mr. Kent for these efforts, the Sentencing Commission is clear that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. 3. The Court can see no reason to disregard elements of the Commission's commentary that are not called into question by the FSA amendments.

Second, Mr. Kent contends that his sentence should be reduced because of his current familial circumstances. Specifically, Mr. Kent explains that his wife, sixteen-year-old daughter, and ninety-two-year-old grandmother lost their home and personal belongings in the fire that destroyed Paradise, California. Mr. Kent seeks compassionate release in order to help provide for his family in a period of significant financial hardship. His wife and his father-in-law have also submitted letters to the Court requesting that Mr. Kent be released to assist them in this difficult time. (Doc. 150-1). However, even if the Court would have latitude to consider other circumstances warranting compassionate release, it is still appropriate to be guided by the Commission's policy statement, which

3

indicates that a sentence reduction for family circumstances is only appropriate when a defendant's minor child or dependent spouse otherwise lacks a capable caregiver. That is not the case for Mr. Kent's daughter or his wife, and the Court finds that Mr. Kent therefore does not offer extraordinary and compelling reasons to have his sentence reduced.

IT IS THEREFORE ORDERED that Defendant's Motion (Doc. 150) is DENIED.

IT IS SO ORDERED on this 16th day of December, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE