IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                              CRIMINAL NO. 11-50115

PARKER KENT                                                         DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a *pro se* **Motion for Release from Custody** filed by Defendant on April 21, 2020. (Doc. 152). The undersigned finds that no response is necessary and that the matter is ripe for consideration.

The Defendant pled guilty to the offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 26 U.S.C. § 846. (Doc. 36). On September 19, 2012, a judgment was entered sentencing the Defendant to 188 months imprisonment, five years supervised release, a fine of $15,000.00, and a $100.00 special assessment. (Doc. 59).

In the motion currently before the Court, the Defendant's request for home confinement appears to be based solely on COVID-19 and his concern regarding the number of COVID-19 cases at the Bureau of Prisons (BOP) facility where he is currently housed. (Doc. 152). Defendant provides two reasons in support of being allowed to serve the remainder of his sentence in home confinement and away from the BOP facility. First, he alleges that he has put great effort toward

changing his life while incarcerated, and second, he alleges the need to be present with his family in order to assist them in their current circumstances.[1] Id.

"The Bureau of Prisons shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). The undersigned notes that pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because it appears that Defendant has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify the remainder of his sentence to home confinement. See United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (denying Defendant's motion seeking home confinement due to COVID-19 pandemic, as the Defendant failed to exhaust BOP remedies, did not present extraordinary and compelling reasons warranting such relief, and there was no evidence that the BOP's plan to address the pandemic was not adequate); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899 (D. Md. Mar. 27, 2020) (where the defendant failed to pursue his BOP remedies, court was without authority to grant defendant's motion seeking home confinement based on COVID-19 concerns).

Based upon the foregoing, the undersigned recommends **DENYING WITHOUT PREJUDICE** Defendant's **Motion for Release from Custody. (Doc. 152). The parties have fourteen days from receipt of our report and recommendation in which to file written**

---

[1] The Court notes that Defendant previously filed a Motion to Reduce Sentence on November 18, 2019, wherein he sought compassionate release for similar reasons. (Doc. 150). By written Order of the District Court, Plaintiff's Motion to Reduce Sentence was denied for failure to offer extraordinary and compelling reasons for having his sentence reduced. (Doc. 151).

**objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

Entered this 24th day of April, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE