IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                          CASE NO. 5:11-CR-50115-002

PARKER KENT                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Parker Kent's *pro se* Motion for Release from Custody filed on April 21, 2020. (Doc. 152). The Court referred the Motion to the Honorable Erin L. Wiedemann, Chief Magistrate Judge for the Western District of Arkansas, and she filed a Report and Recommendation ("R&R") (Doc. 154) on April 24, 2020. Her R&R recommended denying the Motion for failure to exhaust administrative remedies. She also remarked that Mr. Kent had only offered two justifications for early release or release to home confinement: (1) the fact that he has put great effort toward changing his life while incarcerated and (2) his need to be present with his family in order to assist them in their current circumstances.

Mr. Kent filed Objections to the R&R (Doc. 155) on May 12 and a Supplement (Doc. 156) on June 2. In his Objections, he explained that inmates at his federal facility, USP Lompoc, have been given letters stating that they do not need to file motions for early release or for release to home confinement due to the COVID-19 pandemic because the facility is reviewing all prisoner files and making recommendations independently. Mr. Kent contends that the warden at his prison "is not giving a response here now" to any requests for compassionate release or for home confinement made by prisoners. *Id.* at p. 1. Further, in Mr. Kent's Supplement, he maintains that after his Objections were sent

1

to the Court, he "still [has] not received a response from the warden here at Lompoc." (Doc. 156, p. 1).

The Court construes Mr. Kent's Motion as one made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). The FSA permits an inmate to seek compassionate early release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). The FSA does not, however, allow the Court to order that Mr. Kent be placed on home confinement. This is because a court may not modify a term of imprisonment once it has been imposed except when expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c). Nothing in the FSA or the statutes amended by it permits the Court to order the BOP to place Mr. Kent in home confinement. *United States v. Kluge*, 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020). Under the FSA, the discretionary authority to place a prisoner on home confinement remains solely with the BOP, and to the extent Mr. Kent requests that relief, he must seek it from the BOP. 18 U.S.C. §§ 3624(c)(4), 3621(b); *see also United States v. Norris*, 2019 WL 5079759, at *1 (E.D.N.C. Oct. 10, 2019) (collecting cases).

With respect to Mr. Kent's request for early, compassionate release due to the health risks posed by the COVID-19 pandemic, the Court finds that he has now appropriately exhausted his administrative remedies, as more than 30 days have passed since the date he filed his Motion, and he maintains that the warden in his facility is not accepting written requests for early release from inmates. Giving Mr. Kent the benefit of

2

the doubt, the Court finds that it has jurisdiction to consider his Motion on the merits and **DECLINES TO ADOPT** the Magistrate Judge's R&R (Doc. 154).

## I. BACKGROUND

Mr. Kent is now 48 years old. On September 19, 2012, he pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 188 months imprisonment, five years supervised release, a fine of $15,000.00, and a $100.00 special assessment. (Doc. 59). He has served approximately 75% of his term of imprisonment.

He does not attach any medical records to his Motion, Objections, or Supplement; but he does state—without further elaboration—that he "ha[s] a[n] inhaler" and that he "was exposed to Valley fever at taft [Correctional Institution]." (Doc. 56). He does not explain what, if any, underlying condition causes him to possess an inhaler, nor does he explain with what frequency he uses the inhaler. As for his claim that he was exposed to Valley fever at some point in the past, the Centers for Disease Control and Prevention ("CDC") explain that Valley fever is a fungal infection that develops when one breathes "contaminated soil and dust" found in some places of the southwestern United States, Mexico, and South America. *See* https://www.cdc.gov/fungal/diseases/ coccidioidomycosis/causes.html (last accessed June 3, 2020). It "isn't contagious," as it is not passed from person to person. https://www.cdc.gov/fungal/diseases/ coccidioidomycosis/treatment.html (last accessed on June 3, 2020). "For many people, the symptoms of Valley fever will go away within a few months without any treatment. Healthcare providers choose to prescribe antifungal medication for some people to try to reduce the severity of symptoms or prevent the infection from getting worse." *Id.*

As of today's date, at the correctional facility where Mr. Kent is housed, USP

Lompoc in California, there are 20 active cases of COVID-19 among prisoners and staff. *See* https://www.bop.gov/coronavirus/ (last accessed June 5, 2020).

## II.  LEGAL STANDARD

Mr. Kent's sentence may be modified through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), if the Court finds that:  (1) the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).

Congress did not define what constitutes "extraordinary and compelling."  *See* 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific examples" of extraordinary and compelling circumstances.  *Id.*  Since the FSA was passed, the Sentencing Commission has not updated its current policy statement because it has not had a quorum.  The current policy statement, which is found in the United States Sentencing Guidelines at Section 1B1.13(1)–(3), sets forth several criteria for determining whether "extraordinary and compelling" circumstances exist to justify a reduction in sentence.  Application Note 1(D) to Section 1B1.13 contains more specific examples, including a defendant's advanced age, serious physical or medical condition, or dire family circumstances.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C).   In addition, the Application Note includes a "catch-all" provision that contemplates granting early release if a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" exists.  *Id.* at cmt. n.1(D).

In the wake of Congress's passage of the FSA, several district courts have held that federal judges may use their discretion to apply the criteria in Section 1B1.13, including the "catch-all" provision in Application Note 1(D), just as the BOP Director would when considering a request for compassionate early release. *See United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (listing cases).

### III.  DISCUSSION

The COVID-19 pandemic presents a dramatic and unusual set of risks and stressors to prisoners who must necessarily be confined to close quarters.  The Court is sympathetic to Mr. Kent's fears and his desire not to contract COVID-19 while incarcerated.  Unfortunately, Mr. Kent has failed to present credible evidence that he suffers from any health conditions that would make him particularly vulnerable to serious medical complications or death if he contracted COVID-19.  It is his burden to show that compassionate early release is appropriate. *See United States v. Mitchell*, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).

According to the CDC, the following conditions and risk factors place individuals at high risk for severe COVID-19 illness: asthma; chronic lung disease; diabetes; serious heart conditions; chronic kidney disease, severe obesity; liver disease; being immunocompromised due to cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, or prolonged use of corticosteroids and other immune weakening medications; being over the age of 65; and being in a nursing home or long-term care facility.  Ctrs. for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, updated May 14, 2020, at

5

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 2, 2020).  The Court has no information to credibly suggest that Mr. Kent has any of the above risk factors.  Because Mr. Kent has failed to meet his burden of showing extraordinary and compelling reasons to justify early release, there is no need for the Court to consider whether the sentencing factors in Section 3553(a) would support such a decision.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Parker Kent's *pro se* Motion for Release from Custody is **DENIED**.  The Court denies Mr. Kent's motion for early, compassionate release due to the COVID-19 pandemic, and the Court is without authority to order the Bureau of Prisons to place Mr. Kent on home confinement for the remainder of his sentence.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ADOPT** the R&R (Doc. 154).

**IT IS SO ORDERED** on this 5th day of June, 2020.


/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE